MilligaN, J.,
delivered the opinion of the Oourt.
The prisoner, Lucius Witt, a man of color, was indicted in the Criminal Court of Butherford County, for the murder of Samuel Cunningham, also colored. He was subsequently tried, convicted and sentenced to be executed. From which he has appealed to this Court.
After the Court charged the jury, and remanded the prisoner to jail; they retired to consider of their verdict; and, after remaining out for several hours, they returned in a body into Court, and upon being asked if they had agreed on their verdict, they replied, they had not. They were then inquired of, if there was any disagreement among themselves as to the charge of the Court, to which they responded, there was. The *13 Court instructed them to. retire, and ascertain the matter of disagreement, and then again return and report it to the Court. They did so, and upon their return, reported their misunderstanding related to that portion of the charge in which the distinction was drawn between murder in the first and murder in the second degree. Thereupon, the Court proceeded, in the absence of the prisoner, but in open Court, and in the presence of his counsel, to re-state, in substance, that portion of his original charge in relation to the distinction between murder in the first and second degree. The jury again retired, and soon thereafter, returned with a verdict of guilty; upon which the Court, after overruling a motion for a new trial, pronounced sentence of death upon the prisoner.
Under this state of the record, the simple question is presented, whether or not, it was error for the Court to re-state, in substance, a portion of his original charge to the jury, in the absence of the prisoner.
By the rigorous rule of the ancient common law, which has been greatly relaxed by the advance of civilization and Christain philanthrophy, the prisoner, even in capital cases, when tried upon the general issue, was bound to make his own defense. No - counsel was allowed him unless some point of law arose proper to be debated: 4 Black. Com., 355. This iron rule rested on the maxim, that “The Judge is counsel for the pris oner,” which seems to signify nothing more than that the Judge shall take care that the prisoner does not suf fer for the want of counsel. The Judge is counsel only for public justice, and to promote that object alone, all *14 bis inquiries and attention ought to be directed. But this much, as far back as the days of Cicero and Panse-tius, was felt to be exceedingly harsh and unsound, resting neither in reason or principles of common humanity. Both of these great lights, even in their day, took the well drawn distinction between the duty of a Judge and of counsel. The former was bound simply to pursue the truth of the cause, while the latter, out of humanity, was permitted to urge what was only its semblance: Cicero de Off., Lib. 2, C. 14.
But, without stopping to criticise the right of an advocate to urge, under any circumstances, the mere semblance of truth, it is enough to say, that our Bill of Rights, Art. 1, sec. 9, Constitution of Tennessee, has given to the accused the right to be heard both by himself and his counsel. The broad language of the section, is: “That, in all criminal proceedings, the accused hath a right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; to have compulsory process for obtaining witnesses in his favor. And in prosecutions by indictments or presentments, a speedy public trial, by an impartial jury of the county or district in which the crime shall have been committed; and shall not be compelled to give evidence against himself.”
Following the principles of this humane and just provision of our Bill of Rights, which, in some degree, is in conformity to the more modern principles of the common law, this Court, in the case of Andrews vs. The *15 State, 2 Sneed, 550, said: “In criminal cases of the grade of felony, where the life or liberty of the accused is in peril, he has the right to be present, and must be present, during the trial, and until the final judgment. If he be absent, either in prison or by escape, there is a want of jurisdiction over the person to proceed with the trial, or to receive the verdict, or to pronounce the final judgment:” Citing Clark vs. The State, 4 Hum., 254; Hawk. P. C., 619; Co. Lit., p, 227; Raymond, 193; 2 Hale, 300; 4 Black. Com , 360; Bacon’s Ab., Verdict B; 1 Chitty’s Crim. Law, 636. To which may be added, Wharton’s Am. Crim. Law, 919; 1 Chit. Crim. Law, 413; Jacobs vs. Cone, 5 Serg. and R., 335; 2 Hale, 216; and The State vs. France, 1 Tenn. R., 436.
But the argument is, that, in the case now under consideration, the counsel of the prisoner was present when the Court re-stated the substance of his instructions to the jury, and that answered both the requirements of the Bill of Rights and the authorities relied on by the opposing counsel. We cannot concur in this proposition. The presence of the counsel of the accused alone, does not meet either the letter or the spirit of the Bill of Rights, or the authorities above quoted. The prisoner has a right to be heard, both “by himself and his counsel,” and that, too, during the entire trial. It is not enough that he meets the witnesses “face to face,” and is permitted to be present at the argument of his cause. The right is guaranteed to him to conduct his own defense, or to aid his chosen counsel in doing so, and 'to be present, as well when the *16 charge of the Court is delivered to the jury, as when their verdict is returned into open Court. When the trial is once begun, it is not strictly ended until the verdict of the jury is delivered and received by the Court, and final judgment pronounced thereon.
It is true the prisoner need not remain in Court during the retirement of the jury, to consult as to their verdict, but if they voluntarily return to deliver their verdict, the Court has no power to receive it in the absence of the prisoner; and if it be received, for want of jurisdiction, it is a nullity: Andrews vs. The State, 2 Sneed, 550.
So, also, it is the prisoner’s right, if after the original charge has been delivered, and the jury have retired to consider of their verdict, the Court recalls them to correct any mistake made in his charge, or to alter or modify it in any respect, to be present, and witness whatever is done in Court touching his trial. And with equal reason and authority, he has the right to be present when the jury, without being recalled, voluntarily return into open Court, and asks for further instructions, or even for a re-statement of the original charge. In either event, his life or liberty may be effected by it, and he has the constitutional right to be personally present, and to guard both, by all the forms of law that he can make availing in his favor.
Without this salutary rule, cases might be supposed in which the greatest injustice might be done to the prisoner. Counsel, like Judges, are but men, and subject to all the frailties, passions and prejudices of hu *17 man nature; and in cases of great enormity, during high popular feeling, or wounded family pride, the chosen counsel of the prisoner might, through fear or other cause, in the absence of his client, be thrown off his guard, and suffer remarks to .pass from the Court to the jury, without exceptions, which would prove fatal to the prisoner. It would be far otherwise, were the prisoner present, in the enjoyment of his constitutional right, stimulated by the perils of his situation. He is presumed by the common instincts of his nature, to be alive to his interest, and ready to catch every improper remark that might, by accident' or other cause, fall from the Court.
And, again, in the event the prisoner elected, as he has the unquestioned right to do, to conduct his own defense, either in whole or in part, the rule in such a case, insisted on by the State, would be utterly impracticable and absurd, for he could not be absent as a prisoner and present as counsel at the same time. In any aspect in which it can be reviewed, the rule admitting the personal presence of the prisoner, throughout his entire trial, is too sacred to human life and liberty, to be relaxed.
It follows, therefore, that the Court erred in restating the substance of a portion of his charge in the absence of the prisoner; for which the judgment and sentence of the Court must be reversed, and a new trial granted.